**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY N. WHITING,
Plaintiff-Appellant,

v.

SKI'S AUTO WORLD PAINT AND BODY

No. 98-2623

SHOP, INCORPORATED; WILLIAM W.
WESLOWSKI, d/b/a Ski's Auto World
Paint and Body Shop,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-215-5-B02)

Submitted: May 28, 1999

Decided: September 23, 1999

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Anthony N. Whiting, Appellant Pro Se. Susan Joyce Hall, Fayette-
ville, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony N. Whiting appeals from the district court's order denying relief on his claims of employment discrimination, brought under 42 U.S.C. § 2000e-2 (1994) (Title VII) and 42 U.S.C. § 1981 (1994), and his pendent state tort claims of intentional and negligent infliction of emotional distress. His claims are based on his former employer's decision not to promote him to the position of painter, and his subsequent termination from employment. We have reviewed the record and the district court's opinion and find no reversible error with regard to the state tort claims or the § 1981 discriminatory termination claim. Accordingly, we affirm the dismissal of those claims on the reasoning of the district court. See Whiting v. Ski's Auto World, No. CA-98-215-5-B02 (E.D.N.C. Sept. 25, 1998).

We find, however, that the district court's determination that Whiting failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") was incorrect. Although Whiting's June 1996 letter to the EEOC was not sworn, that letter was verified when Whiting met with an EEOC representative in October 1996. An otherwise timely, but unsworn, charge of discrimination may be subsequently amended to become verified, and the amended charge relates back to the date the complaint was first received by the EEOC. See 29 C.F.R. § 1601.12(b) (1998). Whiting's June 1996 letter was, therefore, a timely charge of discrimination filed with the EEOC. See id.; Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 n.2 (4th Cir. 1998); Balazs v. Liebenthal, 32 F.3d 151, 156-58 (4th Cir. 1994). We vacate and remand that portion of the district court's order that dismissed Whiting's Title VII claim.

The district court's dismissal of Whiting's § 1981 discrimination claim for failure to promote must also be vacated. To establish a prima facie case of discrimination for this claim, Whiting had to show

2

that: 1) he is a member of a protected class; 2) he applied for the painter position; 3) he was qualified for the position; and 4) he was rejected for the position under circumstances that raise an inference of unlawful discrimination. See Carter v. Ball , 33 F.3d 450, 458 (4th Cir. 1994); Gairola v. Commissioner of Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir. 1985).

In reaching the conclusion that Whiting's allegations did not provide a sufficient basis for a § 1981 discrimination claim for failure to promote, the district court relied primarily on two facts: Terry Alfono accepted the painter position; and Alfono had seniority over Whiting when Alfono was initially offered the painter job. In reviewing the record in the light most favorable to Whiting, as we must in the summary judgment posture, see Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc), we conclude that Whiting's June 1996 letter to the EEOC set forth facts sufficient to state a prima facie case. Importantly, although Alfono, who is white, was offered the promotion to painter, he decided he did not want the job. Alfono then left Defendant Ski's employ. Although Alfono returned to Ski's as a painter about two weeks later, the series of events that occurred during his absence are central to Whiting's claim.

After Alfono left Ski's, Whiting, who is black, expressed an interest in the painter position but was rebuffed by Defendant Weslowski; Weslowski allegedly told Whiting that a new person had been hired for the position. However, several days passed and no new person reported for work. When questioned by Whiting, Weslowski continued to maintain that a new person had been hired as painter. Whiting then telephoned Weslowski and, without first identifying himself, asked Weslowski whether the painter position had been filled; Weslowski said that the position had not been filled. Weslowski then asked the caller to identify himself and Whiting did so. Whiting was terminated the following morning. Two days after Whiting was fired Alfono returned to Ski's as a painter.

Because the totality of these facts, as alleged by Whiting and when considered in a light most favorable to him, established a prima facie claim of § 1981 discrimination for failure to promote, we vacate that portion of the district court's order that dismissed this claim and

3

remand for further proceedings. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Smith</u>, 84 F.3d at 675.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED AND REMANDED IN PART</u>

4